IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ADAM BROOKS                                                                                           PLAINTIFF

v.                                         Civil No. 1:20-cv-01023

DEPUTY HUNTER SMITH, Ashley County
Sheriff's Office; DEPUTY DAVID McCALPIN,
Crossett PD; TROOPER TYLER GENTRY;
NICOLE CARTER; JOSH POLLOCK; JULIAN
JUANTE; TAD HUNTSMAN; AND TROY McNIECE                                   DEFENDANTS

# **ORDER**

Currently before the Court is Plaintiff's failure to keep the Court informed of his address. Plaintiff Adam Brooks filed this 42 U.S.C. § 1983 action *pro se* on May 18, 2020.  (ECF No. 1). The following day the Court entered an order directing Plaintiff to file an Amended Complaint by June 9, 2020.  (ECF No. 6).  On June 3, 2020, this order, which was sent to Plaintiff at his address of record, was returned as undeliverable.  (ECF No. 7).[1]

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

---

[1] A second mailing from the Court to Plaintiff was returned as undeliverable on June 17, 2020.  (ECF No. 8).  Both returns indicated that the Plaintiff was no longer located in the facility he had provided as his address.

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court.  Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."  *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to keep the Court informed of his address and has failed to prosecute this case.  Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed.  Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 16th day of July, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge